SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
*crowley@seyfarth.com*
Michael A. Wahlander (SBN 260781)
*mwahlander@seyfarth.com*
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:  (415) 397-8549

Attorneys for Defendant
AARON'S, LLC (*erroneously sued as*
AARON'S, INC.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE ORTIZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AARON'S, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS AARON'S SALES &  LEASE OWNERSHIP, A  CALIFORNIA CORPORATION; and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>[Riverside County Superior Court Case No. CVSW2100006]<br><br>Complaint Filed:  January 4, 2021 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Aaron's, LLC ("Defendant" or "Aaron's") hereby removes the above-captioned action from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1441 and 1446, asserting original federal jurisdiction on the basis of diversity, codified in relevant part at 28 U.S.C. section 1332, and states that the removal is proper for the following reasons:

## I.   PLEADINGS, PROCESSES, AND ORDERS

This removal involves an employment action filed in the Superior Court of California for the County of Riverside entitled, EDDIE ORTIZ, an individual, Plaintiff, v. AARON'S, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS AARON'S SALES AND LEASE OWNERSHIP, A CALIFORNIA CORPORATION; and DOES 1 through 30; inclusive, Defendants, Case No. CVSW2100006.  A true and correct copy of the Summons, Complaint, Case Management Conference notice, and other documents served on Defendant are attached as **Exhibit A**.

The Complaint alleges fourteen causes of action: (1) Failure to Reimburse Business Expenses; (2) Failure to Provide Personnel and Payroll Records; (3) Failure to Provide Meal Periods; (4) Failure to Provide Rest Periods (5) Failure to Pay Overtime Compensation; (6) Failure to Pay Waiting Time Penalties; (7) Failure to Provide Accurate, Itemized Wage Statements; (8) Disability/Medical Condition Discrimination; (9) Failure to Accommodate Disability/Medical Condition; (10) Failure to Engage in the Interactive Process; (11) Failure to Take Reasonable Steps to Prevent Discrimination and Retaliation; (12) Retaliation; (13) Wrongful Termination; and (14) Unfair Business Practices.

On April 9, 2021, Aaron's filed an Answer to the Complaint in the Superior Court of California for the County of Riverside.  A true and correct copy of the Answer is attached as **Exhibit B**.

1

## II.    TIMELINESS OF REMOVAL

Plaintiff served the Summons and Complaint on March 11, 2021.  This Notice of Removal is timely because it is filed within thirty (30) days of the service upon Defendant of a copy of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56 (1999) (holding that 30-day removal period begins when defendant is formally served).

## III.   DIVERSITY JURISDICTION

This action is removable under 28 U.S.C. section 1441 because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. section 1332(a).  The requirements for diversity jurisdiction have been established because (a) there is complete diversity of citizenship among the parties and (b) the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

### A.    Diverse Citizenship

#### 1.    Citizenship of Plaintiff

To establish citizenship for diversity purposes, a natural person must be both a citizen of the United States and a domiciliary of one particular state.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A party's residence is prima facie evidence of his or her domicile.  *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Here, Plaintiff alleges in his complaint: "Plaintiff at all relevant times was a resident of Riverside County, California."  (Exh. 1; Complaint at ¶2.)  Plaintiff is therefore a citizen of California.

#### 2.    Citizenship of Original Defendant Aaron's, Inc. and It's Successor Aaron's, LLC

##### a.    Original Defendant Aaron's, Inc.

A corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated.  *Id.*  Under the "nerve center" test, the principal place of business is the state where the "officers direct, control, and

2

coordinate" the corporation's activities and where the corporation maintains its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Aaron's is incorporated under the laws of the State of Georgia. (Schukle Decl. at ¶4.)  In addition, its corporate headquarters is located in Atlanta, Georgia, which is where its officers direct, control, and coordinate its activities. (*Id.*)  Therefore, Aaron's is a citizen of the State of Georgia.

### b.     Aaron's, LLC

For purposes of diversity jurisdiction, an unincorporated association, such as a partnership, has the citizenships of all of its members. *See Johnson v. Columbia Props. Anchorage, LP.*, 437 F.3d 894, 899 (9th Cir. 2006).  A limited partnership is an unincorporated association. *Id.*  Likewise, a limited liability company is also treated as an unincorporated association and thus has the citizenship of its members. *Godoy v. Bank of New York Mellon*, 2016 WL 4072333, at *2 (C.D. Cal. July 29, 2016) (relying on *Johnson*, 437 F.3d at 899, for the principle that "an LLC is a citizen of every state of which its owners/members are citizens").

In October 2020, Aaron's, Inc. reorganized and became Aaron's, LLC.  Aaron's, LLC is a single member LLC organized under the laws of the State of Georgia.  Aaron's, LLC's headquarters is located in Atlanta, Georgia, where its high-level officers direct, control, and coordinate its activities.  (Schukle Decl. at ¶5.)

The sole member of Aaron's, LLC is The Aaron's Company, Inc. a corporation incorporated under the laws of the State of Georgia.  The Aaron's Company, Inc.'s headquarters is located in Atlanta, Georgia, where its high-level officers direct, control, and coordinate its activities.  (Schukle Decl. at ¶6.)

Therefore, Aaron's, LLC is a citizen of Georgia.

### 3.     Doe Defendants' Citizenship Must Be Disregarded

Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir.

1980) ("[U]known defendants sued as "Does" need not be joined in a removal petition.").
Thus, the existence of Doe defendants 1 through 50, inclusive, does not deprive this
Court of jurisdiction.

Accordingly, pursuant to 28 U.S.C. section 1332(c), Plaintiff and Defendants have
diverse citizenship.

## B.   Amount In Controversy

While Defendant denies any liability as to Plaintiff's claims, the amount in
controversy requirement is satisfied because it is more likely than not that the amount
exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*,
102 F.3d 398, 403-404 (9th Cir. 1996) ("the defendant must provide evidence
establishing that it is 'more likely than not' that the amount in controversy exceeds [the
threshold] amount." (internal citation omitted)).

As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the
removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*,
372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented
in the removal petition).  In determining the amount in controversy, the Court must
consider the aggregate of general damages, special damages, punitive damages, and
attorneys' fees.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)
(claims for statutory attorneys' fees to be included in amount in controversy, regardless
of whether such an award is discretionary or mandatory);  *Bank of Calif. Nat'l Ass'n v.
Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

### 1.   Discrimination/Retaliation/Wrongful Termination Compensatory Damages

#### a.   Lost Earnings Damages

Plaintiff alleges that he "has sustained, and continues to sustain economic damages
in lost earnings and other employment benefits…"  (Compl. at ¶¶68, 74, 82, 90, 102,
110.)  Plaintiff alleges that he was wrongfully terminated on March 19, 2020.  (Id. at
¶20.)  This removal is being filed on April 9, 2021.  55 weeks have passed since

Plaintiff's alleged termination.  Plaintiff alleges that he was paid $16.50 an hour.  This means that his lost income to date is **$36,300** (55 weeks x 40 hours a week x $16.50).

The Court must also consider Plaintiff's future income damages claims (i.e., front pay).  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)(future wages are "at stake" in the litigation and must be considered in assessing the amount in controversy).  The average tenure for a Customer Account Managers (Plaintiff's position) at Aaron's is  4.38 years (or 1599 days).  (Schukle Decl. at ¶7.)  Plaintiff alleges that he worked for Aaron's from February 20, 2019 to Mar 19, 2020 (or 393 days), which means his alleged front pay claim is for 1206 days or just over 172 weeks.  Awarding Plaintiff 172 weeks of front pay would entitle him to **$113,520** (172 weeks x 40 hours a week x $16.50).  *See also Traxler v. Multnomah County*, 596 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly 4 years of front pay).  Thus, Plaintiff's total alleged lost earnings damages reasonably amount to **$149,480**.  This amount alone exceeds the jurisdictional minimum.

### b.    Emotional Distress Damages

Plaintiff alleges that he "has sustained, and continues to sustain non-economic damages, including but not limited to emotional distress, anxiety, depression, tension, loss of sleep and humiliation."  (Compl. at ¶¶68, 75, 83, 91, 103, 111.)  While the details of Plaintiff's alleged emotional distress are not pleaded in the Complaint,[1] in cases of discrimination and retaliation, the emotional distress damages alone often exceed the jurisdictional minimum.  *See Woodruff v. Pacific Gas& Electric*, 2018 WL 4908010 (San Francisco Sup. Ct. 2018) (plaintiff awarded $150,000.00 in emotional distress damages for claims of retaliation in violation of Labor Code section 1102.5, and wrongful termination in violation of public policy); *Yu v. Grifols Biologicals Inc.*, 2017 WL 9807466 (Los Angeles Sup. Ct. 2017) (plaintiff awarded $285,785.00 in emotional

---

[1] Plaintiff's failure to specify particular damages permits Aaron's to reasonably estimate the amount in controversy.  *See Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 688-90 (9th Cir. 2006) (the preponderance of evidence standard applies where a plaintiff "seeks to no specific amount in damages," and a court will consider facts in the removal petition to determine whether jurisdictional requirements are met).

NOTICE OF REMOVAL / CASE NO. CASE NO. _____

distress damages for claims of retaliation in violation of Labor Code section 1102.5 and wrongful termination in violation of public policy); *Williams v. Wyndham Vacation Ownership*, 2016 WL 8114384 (San Francisco Sup. Ct. 2016) (plaintiff awarded $1.3 million in emotional distress damages for claims of retaliation in violation of Labor Code section 1102.5 and wrongful termination in violation of public policy); *Nickel v. Staples Contract & Commercial Inc., et al.*, No. BC481391, 2014 WL 4658322 (Los Angeles County Super. Ct. 2014) ($26,107,328 verdict in single-plaintiff age discrimination, harassment, and wrongful termination action, of which $2,400,000 was allocated for pain and suffering); *Kelley v. Merle Norman Cosmetics*, No. BC454430, 2013 WL 1898806 (Los Angeles County Super. Ct. 2013) ($1,055,236 verdict in a single-plaintiff employment action alleging, inter alia, harassment, retaliation, violation of Labor Code section 1102.5, constructive discharge and intentional infliction of emotional distress, of which $360,000 was allocated for past non-economic loss); *Jaffe v. UHS-Corona Inc.*, No. RIC-543130, 2013 WL 8509821 (Riverside County Sup. Ct. 2013) (non-economic damages award of $275,000 in case alleging wrongful termination, retaliation for filing written health and safety complaints, and missed meal break claims); *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct. 2013) (jury awarded $151,333 for emotional distress damages in discrimination, retaliation, and wrongful termination case); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct. 2013) (pain and suffering awards of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal. 2011) (jury award $5,600,000 in non-economic damages to six plaintiffs in discrimination and constructive discharge case); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct. 2011) (award of $1,270,000 in pain and suffering to employee in an age discrimination action alleging wrongful termination); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct. 2011) (jury awarded $385,000 in pain and suffering to employee in an age discrimination case alleging wrongful termination).  (Wahlander Decl. at ¶3, Ex. A.)

69107870v.1

These awards demonstrate that the typical value of Plaintiff's claimed emotional distress damages exceeds the $75,000 amount in controversy requirement on its own.

### c.    Punitive Damages

The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). Plaintiff also seeks punitive damages. (Compl. at ¶113, Prayer for Relief at ¶3.)

An examination of jury awards shows that punitive damages awards alone in these types of employment cases typically exceed the $75,000 amount in controversy requirement. *See Babyak v. Cardiovascular Systems, Inc.*, 2017 WL 1907785 (Los Angeles Sup. Ct. 2017) (plaintiff awarded $22.4 million in punitive damages for claims of retaliation in violation of Labor Code section 1102.5 and wrongful termination in violation of public policy); *Casillas v. Central California Faculty Med. Grp., Inc.*, 2016 WL 9281429 (Fresno Sup. Ct. 2016) (plaintiff awarded $500,000.00 in punitive damages for claims of retaliation in violation of Labor Code section 1102.5 and wrongful termination in violation of public policy); *Williams v. Wyndham Vacation Ownership*, 2016 WL 8114384 (San Francisco Sup. Ct. 2016) (plaintiff awarded $18.5 million in punitive damages for claims of retaliation in violation of Labor Code section 1102.5 and wrongful termination in violation of public policy); *Anderton v. Bass Underwriters Inc.*, No. 34-2013-00149236-CU-WT-GDS, 2015 WL 7721538 (Sacramento County Super. Ct. 2015) ($4,750,000 verdict in single-plaintiff age and gender discrimination, retaliation, and wrongful termination action, of which $2,750,000 was a punitive damages award); *Nickel, supra,* 2014 WL 4658322 (awarding $22,843,912 in punitive damages); *Jaffe v. UHS-Corona Inc.*, No. RIC-543130, 2013 WL 8509821 (Riverside County Sup. Ct. 2013) (punitive damages award of $100,000 in case alleging wrongful termination, retaliation for filing written health and safety complaints, and missed meal break claims); *Crangle v. Stanford Univ.*, 2000 WL 33727181 (N.D. Cal. 2000) (punitive

7

damages award of $200,000 where sole remaining claim was for retaliation based on making complaint of discrimination).  (Wahlander Decl. at ¶3, Ex. A.)

All of these verdicts show that the typical punitive damages award in similar cases exceeds the jurisdictional minimum of $75,000.

### d.    Attorneys' Fees

Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving allegations of discrimination, retaliation, and wrongful discharge.  *See, e.g., Coyle v. Regents of The University of California, et al.*, 2017 WL 1091234 (Riverside County Sup. Ct. 2017) (plaintiff awarded $1,477,293.00 in attorneys' fees in case involving claims of retaliation in violation of Labor Code section 1102.5 and wrongful termination in violation of public policy); *Begazo v. Passages Silver Strand LLC*, 2017 WL 2402841 (Los Angeles County Sup. Ct. 2017) (plaintiff awarded $375,568.00 in attorneys' fees in case involving claims of retaliation in violation of Labor Code section 1102.5 and wrongful termination in violation of public policy); *Jaffe v. UHS-Corona Inc.*, No. RIC-543130, 2013 WL 8509821 (Riverside County Sup. Ct. 2013) (attorneys' fees award of $160,000 in case alleging wrongful termination, retaliation for filing written health and safety complaints, and missed meal break claims); *Lieberman vs. WellPoint Inc.*, No. 56200900348433, 2011 WL 10725941 (Ventura County Sup. Ct. 2011) (attorneys fees' of $207,775 awarded in an action involving discrimination, wrongful termination and breach of contract); *Denenberg v. California Dep't of Trans.*, No. GIC836582,  2007 WL 2827715 (San Diego County Sup. Ct. 2006) (attorney's fees award of $490,000 in case alleging discrimination, harassment, and retaliation). (Wahlander Decl. at ¶3, Ex. A.)

Since the claims alleged in this complaint are similar to those alleged in the above cases, it is more likely than not that the attorneys' fees alone will exceed $75,000.  In fact, Plaintiff's demand letter from May of 2020 stated that his counsel's attorneys' fees through trial reach "six figures."  (Wahlander Decl. at ¶4, Ex. B at p. 14.)  As a result, the amount in controversy in this matter exceeds $75,000.

NOTICE OF REMOVAL / CASE NO. CASE NO. _____
69107870v.1

### 2.      Plaintiff's Wage and Hour Claims

#### a.      Personnel File Claims

Plaintiff alleges that Aaron's failed to provide him with his personnel file and his payroll records under Labor Code §§ 1198.5 and 226.  (Compl. at ¶¶21, 22.) Both statutes provide for a $750 penalty for failure to comply.  Labor Code §§ 1198.5(k) and 226(f). Therefore, Plaintiff's alleged damages for this claim increases the amount in controversy by **$1,500**.

#### b.      Waiting Time Penalties

Plaintiff alleges that Aaron's failed to pay him all wages owed at the time of his termination under Labor Code § 203, which allows for a day of pay for each day the wages are not paid up to 30 days.  (Compl. at ¶55.)  This means the damages for this claim increase the amount in controversy by **$3,960**.  ($16.50 x 8 hours a day x 30 days).

#### c.      Meal and Rest Break Claims

Plaintiff also asserts meal and rest break claims by asserting that he was not provided all his meal and rest breaks as they were interrupted or he was not relieved of all his duties.  (Compl. at ¶12.)  Plaintiff also alleges he "consistently worked for [Aaron's'] for more than five (5) hours per shift with no or untimely" meal or rest breaks, where the break was interrupted or he was not relieved of all of his duties."  (*Id*. at ¶¶28, 34.)  Such allegations, in the absence of more specificity, make a 100% violation rate reasonable to assume.  As such, Plaintiff's damages for his meal period claim would be $4,620 (5 days a week x 56 weeks worked x $16.50) and his damages for his rest period claim would be $4,620 (same formula).  This increases the amount in controversy by **$9,240**.

#### d.      Overtime Claim, Expense Reimbursement Claim, Inaccurate Wage Statement Claims, and Attorneys' Fees

Plaintiff also alleges claims for unpaid overtime, expense reimbursement, and inaccurate wage statements.  However, Plaintiff's complaint does not provide sufficient detail or allegations for Aaron's to make a reasonable approximation of the value of that claim as Plaintiff does not allege a number of overtime hours worked, the amount of his

9

cell phone expenses, or identify when he worked unpaid overtime. Nevertheless, those claims have value, as do the attorneys' provisions of the statutes associated with those claims. This only serves to increase the amount in controversy.

Based on the foregoing, the amount in controversy exceeds $75,000.

## V.   VENUE AND INTRA-DISTRICT ASSIGNMENT

Venue lies in this Court pursuant to 28 U.S.C. sections 1441(a) because his action originally was brought in the Superior Court of the State of California, County of Riverside. Moreover, Plaintiff alleges his claims arose in the County of Riverside. (Compl. at ¶2.)

## V.   NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Riverside.

This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

## PRAYER FOR REMOVAL

WHEREFORE, Aaron's prays that this civil action be removed from the Superior Court of the State of California, County of Riverside to the United States District Court for the Central District of California.

DATED:  April 12, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

BY: */s/ Michael A. Wahlander*
Christian J. Rowley
Michael A. Wahlander

Attorneys for Defendant
AARON'S, LLC (*erroneously sued as* AARON'S, INC.)

# *Exhibit A*

# *Exhibit A*

OCT 2 7 2020

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AARON'S, INC. (Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

EDDIE ORTIZ, an individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 4 2021

M. Lopez

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Riverside County Superior Court, 4050 Main St. Riverside, CA 92501<br>30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 | CASE NUMBER: *(Número del Caso):*<br>CVSW2100006 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Office of Edward Antonino, 15760 Ventura Blvd., Suite 700, Encino, CA 91436, (818) 995-6477

| DATE:<br>*(Fecha)*    1/4/21 | Clerk, by<br>*(Secretario)*    M. Lopez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Aaron's, Inc.

    under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
             ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

# SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 2

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    [Print this form]   [Save this form]

| SHORT TITLE: | | SUM-200(A) |
|---|---|---|
| Ortiz v. Aaron's Inc., et al. | CASE NUMBER: CVS(?)21 00006 | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

AARON'S, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS AARON'S SALES & LEASE OWNERSHIP, A CALIFORNIA CORPORATION; and

DOES 1 through 30; inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]
For your protection and privacy, please press the Clear
This Form button after you have printed the form.

## ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

Page   2   of   2

Page 1 of 1



Edward Antonino, Esq. (SBN 213908)
LAW OFFICE OF EDWARD ANTONINO
15760 Ventura Blvd., Suite 700
Encino, CA 91436-3016
Telephone: (818) 995-9477
ea@ca-workers-rights.com

Attorney for Plaintiff EDDIE ORTIZ

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 4 2021

M. Lopez

## SUPERIOR COURT OF CALIFORNIA

## RIVERSIDE COUNTY – MURRIETA COURTHOUSE

| | |
|---|---|
| EDDIE ORTIZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AARON'S, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS AARON'S SALES & LEASE OWNERSHIP, A CALIFORNIA CORPORATION; and DOES 1 through 30; inclusive,<br><br>Defendants. | CASE NO. _CVSW2100006_<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Failure to Reimburse Business Expenses<br>2. Failure to Provide Personnel File and Payroll Records<br>3. Failure to Provide Meal Periods<br>4. Failure to Provide Rest Periods<br>5. Failure to Pay Overtime Compensation<br>6. Failure to Pay Waiting Time (Wage Continuation) Penalties<br>7. Failure to Provide Accurate, Itemized Wage Statements<br>8. Disability / Medical Condition Discrimination<br>9. Failure to Accommodate Disability / Medical Condition<br>10. Failure to Engage in the Interactive Process<br>11. Failure to Take Reasonable Steps to Prevent Discrimination and Retaliation<br>12. Retaliation<br>13. Wrongful Termination<br>14. Unfair Business Practices<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED JURISDICTION** |

1

COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS

1.   Plaintiff EDDIE ORTIZ, an individual, complains of Defendant AARON'S, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS AARON'S SALES & LEASE OWNERSHIP, A CALIFORNIA CORPORATION ("Defendant") as follows:

2.   Venue as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendants employed Plaintiff in Riverside County, California. Plaintiff at all relevant times was a resident of Riverside County, California. The unlawful acts alleged herein occurred in Riverside County and have had a direct effect on Plaintiff.

3.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1 through 30, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure §474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

4.   Plaintiff is informed and believes, and based thereon alleges that Defendants had the same shareholders, same location, same type of business, and common employees.

5.   Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, one or more of each named and/or unnamed Defendants was in some fashion, by contract or otherwise, the successors, assigns, joint-venturers, co-venturers or partners of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting within that capacity. Plaintiff is further informed and believes that Defendants assumed the assets of other Defendants without consideration.

6.   Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Plaintiff alleges, in the alternative, that

1  each of the Defendants in all respects acted as the employer and/or joint employer of Plaintiff.

2  ## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3      7.    On or about May 14, 2020, Plaintiff exhausted administrative remedies concerning

4  fair employment claims by submitting a Complaint online with the Department of Fair

5  Employment and Housing ("DFEH"), and received an immediate right to sue notice on that same

6  date.

7  ## FACTUAL BACKGROUND

8      8.    Plaintiff worked for Defendants as an "Account Manager" from on or about

9  February 20, 2019 to on or about March 19, 2020. Plaintiff was further not an "exempt" employee

10  as he was only paid $16.50/hr, and was not paid double the minimum wage at any time during his

11  employment with Defendants.

12      9.    Since the beginning of Plaintiff's employment with Defendants, Defendants were

13  aware of his diabetic condition because he had told them on various occasions that he needed to

14  go for doctor's appointments due to the same.

15      10.    Additionally, on or about March 12, 2020, Plaintiff was diagnosed with "Diabetic

16  Neuropathy" and was placed on "light duty" by his medical provider. Plaintiff immediately

17  informed Defendants of his work restrictions and of his Diabetic Neuropathy. Although

18  Defendants could have accommodated Plaintiff's work restrictions by assigning him to only

19  handle collection calls and desk duty, Defendants instead refused to accommodate Plaintiff's

20  disability / medical condition and work restrictions and have not allowed Plaintiff to return to

21  work since on or about March 19, 2020, effectively and de facto wrongfully terminating

22  Plaintiff's employment in retaliation for his disability / medical condition and requests for

23  accommodation of the same.

24      11.    Additionally, although Plaintiff was non-exempt and worked over 8 hours per

25  workday and over 40 hours per workweek, Plaintiff was not paid for his overtime hours worked at

26  the overtime rate.

27      12.    Further, although Plaintiff was non-exempt and worked at least 8 hours per

28  workday, he was not provided all legally-required 30-minute meal periods, nor was he provided

1   all legally-required 10-minute rest periods as his attempted breaks were either interrupted and/or

2   he was not completely relieved of all his duties during his attempted breaks, and Plaintiff did not

3   waive these meal and rest periods and was not compensated for these unprovided meal and rest

4   periods.

5       13.     Although Plaintiff was required to use his personal mobile phone for work, he was

6   not reimbursed the monthly mobile phone charges for the same even though management was

7   aware that he was using his personal mobile phone for work.

8       14.     Last, on or about May 14, 2020, Plaintiff, through his counsel herein, requested a

9   copy of his entire personnel file and payroll records. Although it's been over 5 months since

10  Plaintiff's requests, none of said records have been produced.

11                        **FIRST CAUSE OF ACTION**

12               **FAILURE TO REIMBURSE BUSINESS EXPENSES**

13                **(Against All Defendants and DOES 1-30, inclusive)**

14      15.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the

15  allegations contained in this complaint, and incorporates them by reference into this cause of

16  action as though fully set forth herein, excepting those allegations which are inconsistent with this

17  cause of action.

18      16.     Labor Code § 2802 provides: "(a) An employer shall indemnify his or her

19  employee for all necessary expenditures or losses incurred by the employee in direct consequence

20  of the discharge of his or her duties."

21      17.     As alleged above, Plaintiff was not reimbursed by Defendants for his business

22  expenses even though Plaintiff was required to make said expenditures as part of Plaintiff's job

23  with Defendants, and even though Defendants were aware of Plaintiff's said expenditures.

24      18.     Therefore, Plaintiff is entitled to reimbursement for said expenses.

25      19.     Pursuant to the Labor Code, Plaintiff seeks attorneys' fees and costs incurred

26  herein, all in an amount to be proven at trial.

27  ///

28  ///

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE PERSONNEL FILE AND PAYROLL RECORDS

### (Against All Defendants and DOES 1-30, inclusive)

20.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

21.     Pursuant to Labor Code §§ 226 and 432, an employer must provide a current or former employee's entire personnel file, including, but not limited to, his/her employment and payroll records, personnel records and all documents signed by him/her within 21 calendar days from the date of the request.

22.     Pursuant to Labor Code § 1198.5, an employer must provide a current or former employee's entire personnel file within 30 days, and that failure to comply may result in a $750 penalty, and gives rise to claims for injunctive relief and attorneys' fees.

23.     As alleged above, Defendants failed to provide Plaintiff's personnel file or payroll records to Plaintiff, even though it's been several months since the date of Plaintiff's request for the same.

24.     Plaintiff therefore seeks all applicable penalties, reasonable attorney's fees and costs and injunctive relief.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

## PURSUANT TO LABOR CODE § 226.7

### (Against All Defendants and DOES 1-30, inclusive)

25.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

26.     Pursuant to Labor Code § 226.7, employees are entitled to an uninterrupted thirty

(30) minute meal period when the employee works more than (5) hours in a shift.

27. Labor Code §§ 226.7 and 558 and the applicable California Wage Order require an employer to pay an additional one (1) hour of compensation for each meal period the employer failed to provide. Additionally, employees are entitled to a second, third and fourth lunch period of no less than thirty (30) minutes without interruption if the employee worked in excess of ten (10) hours in one workday, unless the total hours worked does not exceed (12) hours, and then the second meal period may be waived, provided that the first meal period was not waived.

28. Plaintiff consistently worked for Defendants for more than five (5) hours per shift with no or untimely meal periods, where the meal period was interrupted, and/or he was not completely relieved of all his duties during his attempted breaks.

29. Defendants failed to provide to Plaintiff with meal periods where Plaintiff worked at least 8 hours in a workday and Plaintiff did not waive these meal periods and was not compensated for these unprovided meal periods.

30. Therefore, Plaintiff is entitled to damages in an amount equal to one (1) hour of wages per workday where a meal period was missed, in a sum to be proven at trial.

31. Additionally, Plaintiff seeks to recover from Defendants, and each of them, penalties, attorney's fees and costs incurred herein. The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### PURSUANT TO LABOR CODE § 226.7

### (Against All Defendants and DOES 1-30, inclusive)

32. As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

33. Pursuant to Labor Code § 226.7, employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked.

34.     During the relevant period, Plaintiff worked for Defendants for over four (4) hours per shift, and Defendants consistently failed to provide Plaintiff with rest breaks of not less than 10 minutes as required by the Labor Code.

35.     Pursuant to <u>Labor Code</u> § 226.7, an employer is required to pay an additional hour of compensation for each rest period the employer fails to provide. Therefore, Plaintiff is entitled to damages in an amount equal to one (1) hour of wages per workday where a rest break was missed, in a sum to be proven at trial.

36.     As a result of Defendants' failure to provide rest periods, Defendants have violated the applicable IWC Wage Order and Plaintiff is entitled to the penalties provided for by <u>Labor Code</u> § 558.

37.     Additionally, Plaintiff seeks to recover from Defendants, and each of them, penalties, attorney's fees and costs incurred herein. The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### PURSUANT TO LABOR CODE §§ 204, 510, 1194, 1197, 1197.1, 1198, AND

### THE INDUSTRIAL COMMISSION WAGE ORDER

### (Against All Defendants and DOES 1-30, inclusive)

38.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

39.     At all times relevant herein, Defendants were required to compensate non-exempt employees for all hours worked upon reporting for work at the appointed time stated by the employer, pursuant to the applicable Industrial Welfare Commission Order, California Code of Regulations, Title 8, Chapter 5, § 11070, and Labor Code §§ 204, 210, 218.5, 218.6, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 1197.1, and 1198.

40.     Defendants failed to compensate Plaintiff for all hours worked by not

1  compensating him for work performed.

2      41.   Under the aforementioned wage order and regulations, Plaintiff is entitled to

3  recover compensation for all hours worked, but not paid, plus reasonable attorney's fees and costs

4  of suit, pursuant to Labor Code § 218.5, and premiums, pursuant to Labor Code § 226.

5      42.   Plaintiff is entitled to recover damages for the nonpayment of wages of all hours

6  worked that were improperly deducted by Defendants' policies, liquidated damages for

7  underpayment of minimum wages, penalties, reasonable attorney's fees, expenses, and costs of

8  suit.

9      43.   Labor Code §§ 1194, et seq., 1198, and the applicable IWC Wage Order, and

10 California Code of Regulations Title 8 section 11050 provide that employees in California shall

11 not be employed more than eight (8) hours in any workday or more than forty (40) hours in any

12 workweek unless the employee receives one and one-half (1-½) times his or her regular rate of

13 pay, and shall not be employed more than twelve (12) hours in any workday or more than eight

14 (8) hours on the seventh (7th) consecutive workday in any workweek unless the employee

15 receives double his or her regular rate of pay.

16     44.   During the time of Plaintiff's employment with Defendants, employees, including

17 Plaintiff, were required by Defendant to work longer hours than those fixed by the order of the

18 Industrial Welfare Commission in violation of Labor Code §1198.

19     45.   At all relevant times, Defendants, and each of them, required Plaintiff to work off-

20 the-clock without compensation and failed to pay to Plaintiff compensation for all hours worked

21 set forth in the Labor Code and in the applicable IWC wage order. Plaintiff worked prior to

22 clocking in and/or after clocking out, and/or during meal periods without pay at the legally-

23 required rate. Further, although Defendants had knowledge of the hours worked by Plaintiff,

24 Defendants failed to provide compensation for all such hours.

25     46.   In violation of state law, Defendants have knowingly and willfully refused to

26 perform their obligations to compensate Plaintiff for all wages earned and all hours worked. As a

27 direct result, Plaintiff has suffered, and continue to suffer, substantial losses related to the use and

28 enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking

1    to compel Defendants to fully perform their obligation under state law, all to their respective

2    damage in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction

3    of this Court. Plaintiff is thus entitled to recover nominal, actual, and compensatory damages in

4    amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this

5    Court.

6        47.     Pursuant to Labor Code §§ 210, 218.5, 218.6, 558, 1194, 1194.2, 1197.1, and

7    1198, Plaintiff is entitled to recover unpaid wages, plus interest, penalties, liquidated damages,

8    attorneys' fees and costs in an amount to be shown according to proof at trial.

9        48.     Pursuant to Labor Code § 1197.1, Plaintiff is entitled to penalties and restitution of

10   wages from Defendants.

11       49.     WHEREFORE, Plaintiff prays for relief as hereinafter requested.

12   **SIXTH CAUSE OF ACTION**

13   **FAILURE TO PAY WAITING TIME (WAGE CONTINUATION) PENALTIES**

14   **PURSUANT TO LABOR CODE §§ 201-203**

15   **(Against All Defendants and DOES 1-30, inclusive)**

16       50.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the

17   allegations contained in this complaint, and incorporates them by reference into this cause of

18   action as though fully set forth herein, excepting those allegations which are inconsistent with this

19   cause of action.

20       51.     Plaintiff is no longer employed by Defendants as he was terminated.

21       52.     The Defendants' failure to pay wages, as alleged above, was willful in that the

22   Defendants, and each of them, knew wages to be due but failed to pay them, thus entitling

23   Plaintiff wage continuation under Labor Code §§ 201- 203, which provides that an employee's

24   wages shall continue until paid for a period of up to thirty (30) days from the time they were due.

25       53.     Defendants have failed to pay Plaintiff a sum certain at the time of the above-

26   described lay off, separation of employment or termination or within seventy-two hours of their

27   resignation, and has failed to pay those sums for thirty (30) days thereafter.

28       54.     Further, Defendants willfully failed to pay Plaintiff penalties for all hours worked.

55.     Pursuant to the provisions of the Labor Code §§ 201-203, Plaintiff is entitled to wage continuation in the amount of Plaintiff's and others' daily wage multiplied by thirty (30) days.

56.     Additionally, Plaintiff seeks to recover from Defendants, and each of them, penalties, attorney's fees and costs incurred herein all in an amount to be shown according to proof at trial.

57.     WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS
## PURSUANT TO LABOR CODE § 226

### (Against All Defendants and DOES 1-30, inclusive)

58.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

59.     Defendants intentionally failed to furnish to Plaintiff, upon each payment of wages, accurate, itemized wage statements of actual total hours worked, as well as the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

60.     Plaintiff was damaged by these failures because, among other things, the failures led him to believe that he was not entitled to be paid for all hours worked, although he was so entitled, and because the failures hindered him from determining the amounts owed. Plaintiff is entitled to the amounts provided for in Labor Code § 226(e).

## EIGHTH CAUSE OF ACTION

## DISABILITY / MEDICAL CONDITION DISCRIMINATION

### (Against All Defendants and DOES 1-30, inclusive)

61.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of

1  action as though fully set forth herein, excepting those allegations which are inconsistent with this

2  cause of action.

3      62.     At all times mentioned in this Complaint, the California Fair Employment and

4  Housing Act ("FEHA"), Government Code §§ 12940 (a), *et seq.*, was in full force and effect and

5  was binding on Defendants, and each of them, and prohibited Defendants from discriminating

6  against Plaintiff on the basis of Plaintiff's disability / medical condition.

7      63.     Defendants knew or should have known of Plaintiff's disability / medical

8  condition as set forth above.

9      64.     Plaintiff could have performed the essential functions of Plaintiff's position with a

10 reasonable accommodation. As such, Plaintiff was protected by the FEHA.

11     65.     At all times mentioned herein, Plaintiff was willing and able to perform the duties

12 and functions of Plaintiff's position with a reasonable accommodation. And at no time would

13 Defendants have suffered an undue hardship to their business operations.

14     66.     By engaging in the above-referenced acts and omissions, including terminating

15 Plaintiff's employment, Defendants subjected Plaintiff to adverse employment actions and

16 discriminated against Plaintiff because of Plaintiff's disability / medical condition in violation of

17 Government Code §§ 12940, *et seq.*

18     67.     As a proximate result of Defendants' wrongful conduct and adverse employment

19 actions, Plaintiff has sustained, and continues to sustain economic damages in lost earnings and

20 other employment benefits in an amount according to proof.

21     68.     As a proximate result of Defendants' wrongful conduct, and adverse employment

22 actions, Plaintiff has sustained, and continues to sustain non-economic damages, including but not

23 limited to emotional distress, anxiety, depression, tension, loss of sleep and humiliation.

24     69.     Plaintiff has sustained general and special damages within the jurisdictional limits

25 of this Court.

26     70.     Plaintiff is entitled to attorneys' fees pursuant to Government Code §§ 12653 and

27 12965 and California Code of Civil Procedure §1021.5.

28 ///

11

**COMPLAINT FOR DAMAGES**

## NINTH CAUSE OF ACTION

## FAILURE TO ACCOMMODATE DISABILITY / MEDICAL CONDITION

### (Against All Defendants and DOES 1-30, inclusive)

71.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

72.     Pursuant to California Government Code § 12940, Defendants were required to reasonably accommodate Plaintiff's disability / medical condition. Instead of reasonably accommodating Plaintiff, Defendants ultimately denied Plaintiff's request for reasonable accommodation by terminating Plaintiff's employment without taking any steps to accommodate Plaintiff's disability / medical condition.

73.     By engaging in the above-referenced acts and omissions, Defendants discriminated against Plaintiff because of Plaintiff's disability / medical condition and/or perceived disability / medical condition in violation of Government Code §§ 12940, et seq.

74.     As a proximate result of Defendants' wrongful conduct and adverse employment actions, Plaintiff has sustained, and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

75.     As a proximate result of Defendants' wrongful conduct, and adverse employment actions, Plaintiff has sustained, and continues to sustain non-economic damages, including but not limited to emotional distress, anxiety, depression, tension, loss of sleep and humiliation.

76.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

77.     Plaintiff is entitled to attorneys' fees pursuant to Government Code §§ 12653 and 12965 and California Code of Civil Procedure §1021.5.

///

///

///

## TENTH CAUSE OF ACTION

## FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS

### (Against All Defendants and DOES 1-30, inclusive)

78.   As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

79.   Pursuant to California Government Code § 12940, Defendants, and each of them, were required to engage in a good faith interactive process with Plaintiff to determine the extent of Plaintiff's disability / medical condition and how it could be reasonably accommodated.

80.   Plaintiff was at all times ready and willing to engage in the good faith interactive process mandated by California Government Code § 12940. However, by terminating Plaintiff's employment, Defendants failed to engage in said good faith interactive process with Plaintiff.

81.   As set forth above, Defendants denied Plaintiff's request for reasonable accommodation without engaging in a good faith interactive process to determine whether they could provide Plaintiff a reasonable accommodation for Plaintiff's disability / medical condition. By engaging in the above-referenced acts and omissions, Defendants, and each of them, discriminated against Plaintiff because of Plaintiff's disability / medical condition in violation of Government Code §§ 12940, et seq.

82.   As a proximate result of Defendants' wrongful conduct and adverse employment actions, Plaintiff has sustained, and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

83.   As a proximate result of Defendants' wrongful conduct, and adverse employment actions, Plaintiff has sustained, and continues to sustain non-economic damages, including but not limited to emotional distress, anxiety, depression, tension, loss of sleep and humiliation.

84.   Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

85.   Plaintiff is entitled to attorneys' fees pursuant to Government Code §§ 12653 and

12965 and California <u>Code of Civil Procedure</u> §1021.5.

## ELEVENTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

#### (Against All Defendants and DOES 1-30, inclusive)

86.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

87.     At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), <u>Government Code</u> §§ 12940, *et seq.*, was in full force and effect and was binding on Defendants, and each of them. These sections required Defendants to take all reasonable steps to maintain a workplace environment free from unlawful discrimination and retaliation.

88.     Defendants, and each of them, embarked on a campaign of discrimination and retaliation against Plaintiff because Plaintiff had a disability / medical condition and because they perceived Plaintiff to have a disability / medical condition. Defendants' failure to take all reasonable steps to prevent the above-described discrimination and retaliation suffered by Plaintiff was a substantial factor in causing damage and injury to Plaintiff as alleged herein.

89.     By engaging in the above-referenced acts and omissions, Defendants failed to take all reasonable steps to maintain a workplace environment free from unlawful discrimination and retaliation in violation of <u>Government Code</u> §§ 12940, *et seq.*

90.     As a proximate result of Defendants' wrongful conduct and adverse employment actions, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

91.     As a proximate result of Defendants' wrongful conduct, and adverse employment actions, Plaintiff has sustained, and continues to sustain non-economic damages, including but not limited to emotional distress, anxiety, depression, tension, loss of sleep and humiliation.

92.     Plaintiff has sustained general and special damages within the jurisdictional limits

1  of this Court.

2      93.    Plaintiff is entitled to attorneys' fees pursuant to Government Code §§ 12653 and

3  12965 and California Code of Civil Procedure §1021.5

4                    **TWELFTH CAUSE OF ACTION**

5                    **RETALIATION PURSUANT TO**

6                  **GOVT. CODE §§ 12940 AND 12653**

7             **(Against All Defendants and DOES 1-30, inclusive)**

8      94.    As a separate and distinct cause of action, Plaintiff complains and realleges all of

9  the allegations contained in this Complaint, and incorporates them by reference into this cause of

10 action as though fully set forth herein, excepting those allegations which are inconsistent with this

11 cause of action.

12     95.    At all material times, Government Code §§ 12940 and 12653 were in full force

13 and effect and prohibited Defendants from retaliating against a person due to his/her disability /

14 medical condition and/or requests for accommodation for same.

15     96.    Specifically, Government Code § 12653 (a) states that any employee shall be

16 entitled to all relief necessary to make that employee whole if that employee was discharged or in

17 any other manner discriminated against in the terms or conditions of his/her employment because

18 of lawful acts done by the employee in furtherance of an action under that section. Subsection (b)

19 states that relief under that section shall include reinstatement with the same seniority status that

20 the employee would have had but for the discrimination, two times the amount of back pay,

21 interest on the back pay, and compensation for any special damages sustained as a result of the

22 discrimination in addition to litigation costs and reasonable attorneys' fees.

23     97.    At all times herein mentioned, the public policy of the State of California, as

24 codified, expressed and mandated in California Government Code § 12940, was to prohibit

25 employers from harassing, discriminating and retaliating against any individual based on a

26 perceived and/or actual disability / medical condition, and based upon exercise of rights under

27 that section. This public policy of the State of California is designed to protect all employees and

28 to promote the welfare and well-being of the community at large. Accordingly, the actions of

1    Defendants, and each of them, in discriminating, retaliating against and terminating Plaintiff on

2    the grounds stated above was wrongful and in contravention and in violation of the express public

3    policy of the State of California, to wit, the policy set forth in California <u>Government Code</u>

4    §12940, *et seq.*, and the laws and regulations promulgated thereunder.

5          98.    These public policies inure to the benefit of the public, not just the private interests

6    of the employer and employee, because all individuals within the State are afforded these rights.

7          99.    As alleged above, Defendants were aware of Plaintiff's disability / medical

8    condition, and Defendant thereafter retaliated by terminating Plaintiff's employment even though

9    it could have accommodated the same without suffering any undue burden.

10         100.    The foregoing adverse actions by Defendants were taken in part or in whole

11    because of Plaintiff's efforts to exercise Plaintiff's rights under the California Fair Employment

12    and Housing Act.

13         101.    In engaging in the aforementioned conduct, these Defendants aided, abetted,

14    incited, compelled, and/or coerced unlawful practices in violation of the announced policy of this

15    state against such practices. Defendants' retaliation violated <u>Government Code</u> §§ 12940 and

16    12653, and the public policies embodied therein, and was a substantial factor in causing damage

17    and injury to Plaintiff as alleged herein.

18         102.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained,

19    and continues to sustain, economic damages in earnings, other employment benefits, and in legal

20    fees in an amount according to proof.

21         103.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained,

22    and continues to sustain, non-economic damages and emotional distress in an amount according

23    to proof.

24         104.    Plaintiff has sustained general and special damages within the jurisdictional limits

25    of this Court.

26         105.    Plaintiff is entitled to attorneys' fees pursuant to <u>Government Code</u> §§ 12653 and

27    12965 and California <u>Code of Civil Procedure</u> §1021.5.

28    ///

## THIRTEENTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants and DOES 1-30, inclusive)

106.   As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

107.   At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940, was to prohibit employers from harassing, discriminating and retaliating against any individual based on a perceived and/or actual disability or medical condition, and based upon the exercise of rights under that section. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating against and terminating Plaintiff on the grounds stated above was wrongful and in contravention and in violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §12940, *et seq.*, and the laws and regulations promulgated thereunder, in violation of the Court's holding in *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167.

108.   These public policies inure to the benefit of the public, not just the private interests of the employer and employee, because all individuals within the State are afforded these rights.

109.   Defendants' wrongful, discriminatory, and retaliatory termination of Plaintiff violated the aforementioned fundamental principles of public policy, in that there is a substantial and fundamental policy against disability / medical condition discrimination in employment as delineated in the FEHA, and the laws and regulations promulgated thereunder.

110.   As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

111.   As a proximate result of Defendants' wrongful conduct, and adverse employment

1  actions, Plaintiff has sustained, and continues to sustain non-economic damages, including but not

2  limited to emotional distress, anxiety, depression, tension, loss of sleep and humiliation.

3      112.    Plaintiff has sustained general and special damages within the jurisdictional limits

4  of this Court.

5      113.    The acts and conduct of Defendants, and each of them, constituted "malice,"

6  "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in

7  that these acts were intended by Defendants to cause injury to Plaintiff and/or constituted

8  despicable conduct carried on by the Defendants with willful and conscious disregard of the

9  rights of Plaintiff. The acts of the Defendants, and each of them, were done fraudulently,

10  maliciously and oppressively and with the advance knowledge, conscious disregard,

11  authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the

12  part of Defendants' officers, directors, or managing agents of the corporation. The actions and

13  conduct of the Defendants, and each of them, were intended to cause injury to Plaintiff and

14  constituted deceit and concealment of material facts known to Defendants with the intention of

15  the Defendants to deprive Plaintiff of property and legal rights, justifying an award of exemplary

16  and punitive damages in an amount according to proof.

17      114.    Plaintiff is entitled to attorneys' fees pursuant to Government Code §§ 12653 and

18  12965.

19                    **FOURTEENTH CAUSE OF ACTION**

20                        **UNFAIR BUSINESS PRACTICES**

21             **PURSUANT TO BUSINESS & PROFESSIONS CODE § 17200**

22                 **(Against All Defendants and DOES 1-30, inclusive)**

23      115.    As a separate and distinct cause of action, Plaintiff complains and realleges all of

24  the allegations contained in this Complaint, and incorporates them by reference into this cause of

25  action as though fully set forth herein, excepting those allegations which are inconsistent with this

26  cause of action.

27      116.    Plaintiff brings this claim pursuant to Business and Professions Code §§ 17200, *et*

28  *seq.*, which prohibit unlawful and unfair business practices.

117.    Plaintiff is a person within the meaning of <u>Business & Professions Code</u> § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

118.    Defendants' conduct has been and continues to be unfair, unlawful, and harmful to Plaintiff and the general public. Plaintiff therefore seeks to enforce important rights affecting the public interest within the meaning of Code of <u>Civil Procedure</u> § 1021.5.

119.    <u>Government Code</u> §§ 12940 and 12653 articulate the fundamental public policy of the State of California to protect employees from being discriminated against and retaliated against due to their disability / medical condition and/or requests for accommodation for same.

120.    Defendants' conduct was unfair and unlawful in violation of §§ 17200 *et seq.* of the <u>Business & Professions Code</u>.

121.    By engaging in the conduct herein alleged, Defendants either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such it is a violation of §§ 17200, *et seq.* of the <u>Business and Professions Code</u>.

122.    As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdictional minimum of this Court.

123.    Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to Business & Professions Code, this Court should make such orders or judgments as may be necessary to prevent the use or employment, by Defendants, their agents or employees, of any unlawful practice prohibited by the Business & Professions Code, and/or including but not limited to enjoining Defendants from retaliating against and/or terminating any employee who takes time off work to attend court hearings or for seeking medical attention or psychological counseling as a victim of domestic violence.

124.    Pursuant to <u>Business & Professions Code</u> §§ 17200 *et seq.*, Plaintiff is entitled to recover attorneys' fees and costs.

///

///

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for relief as follows:

1. For compensatory damages, including Plaintiff's lost income, and penalties available through Labor Code §§ §§ 201-203, 204, 206, 206.5, 210, 221, 226, 226.7, 432, 512, 558, 1194, 1197.1, 1198.5, and 2802, et seq.:

2. For compensatory damages for Plaintiff's emotional distress;

3. For punitive and exemplary damages;

4. For reasonable attorney fees, cost of suit, and prejudgment and post judgment interest to the extent permitted by law, including pursuant to Civil Code § 1021.5, Govt. Code §§ 12653 and 12965, and Labor Code §§ 201-203, 204, 206, 206.5, 210, 221, 226, 226.7, 512, 558, 1194, 1197.1, and 2802;

5. For restitution for unfair competition pursuant to Business and Professions Code §17200 and pursuant to Labor Code § 1197.1, including disgorgement of profits, in an amount as may be proven;

6. For a declaratory judgment that Defendants have violated Govt. Code §§ 12940; and

15. Such other and further relief as this Court may deem just and proper.

DATED: October 23, 2020

       LAW OFFICE OF EDWARD ANTONINO

       By:_____
       Edward Antonino, Esq.
       Attorney for PLAINTIFF EDDIE ORTIZ

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: October 23, 2020

       LAW OFFICE OF EDWARD ANTONINO

       By:_____
       Edward Antonino, Esq.
       Attorney for PLAINTIFF EDDIE ORTIZ

**COMPLAINT FOR DAMAGES**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
### Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563

**Case Number:**  CVSW2100006

**Case Name:**  ORTIZ vs AARON'S, INC.

Edward Antonino
15760 VENTURA BLVD., SUITE 700
ENCINO, CA 91436-3016

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 07/06/2021 | 8:30 AM | Department S303 |
| Location of Hearing: | | |
| **30755-D Auld Road, Murrieta, CA 92563** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.




Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/Interpreterinfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 01/06/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

M. Lopez, Deputy Clerk

CI-NOTMC
(Rev. 03/06/20)

# *Exhibit B*

*Exhibit B*

1  SEYFARTH SHAW LLP
   Christian J. Rowley (SBN 187293)
2  *crowley@seyfarth.com*
   Michael A. Wahlander (SBN 260781)
3  *mwahlander@seyfarth.com*
   560 Mission Street, 31st Floor
4  San Francisco, California 94105
   Telephone:    (415) 397-2823
5  Facsimile:    (415) 397-8549

6  Attorneys for Defendant
   AARON'S, LLC (erroneously sued as AARON'S, INC.).

7

8

**FILED**
Superior Court of California
County of Riverside
**4/9/2021**
**D. Romo**
Electronically Filed

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    RIVERSIDE COUNTY -- MURRIETA COURTHOUSE

11

12  EDDIE ORTIZ, an individual,              )   Case No. CVSW2100006
                                            )
13                    Plaintiff,             )
                                            )
14        v.                                 )   **DEFENDANT'S ANSWER TO**
                                            )   **PLAINTIFF'S COMPLAINT FOR**
15  AARON'S, INC., WHICH WILL DO             )   **DAMAGES**
    BUSINESS IN CALIFORNIA AS AARON'S        )
16  SALES &  LEASE OWNERSHIP, A              )
    CALIFORNIA CORPORATION; and DOES 1       )
17  through 30, inclusive,                   )   Complaint Filed:  January 4, 2021
                                            )
18                    Defendants.            )
                                            )
19  ─────────────────────────────────────   )

20

21

22

23

24

25

26

27

28

1    Defendant AARON'S, LLC. ("Defendant") hereby answers the unverified Complaint

2    ("Complaint") of Plaintiff Eddie Ortiz ("Plaintiff") as follows:

3                                    **GENERAL DENIAL**

4    Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally denies each and

5    every allegation and cause of action in Plaintiff's Complaint, and without limiting the generality of the

6    foregoing, further denies that Plaintiff has been damaged in any amount, or at all, by reason of any act or

7    omission of Defendant.

8                              **SEPARATE ADDITIONAL DEFENSES**

9    In further answer to Plaintiff's Complaint, Defendant alleges the following additional defenses.

10   In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant

11   to law, are Plaintiff's burden to prove.

12                                    **FIRST DEFENSE**

13             **(Failure to State a Cause of Action - All Causes of Action)**

14   The Complaint, and each and every purported cause of action alleged therein, fails to state facts

15   sufficient to constitute a cause of action or claim for relief.

16                                    **SECOND DEFENSE**

17             **(Statute of Limitations - All Causes of Action)**

18   Plaintiff's causes of actions are barred in whole or in part to the extent he commenced this action

19   after the applicable statute of limitations, including, but not limited to the statutes of limitations in

20   California Code of Civil Procedure §§ 335.1, 337, 338(a), 339(1) 340, 343, California Government Code

21   §§ 12960, 12965, and Business and Professions Code § 17208.

22                                    **THIRD DEFENSE**

23             **(Unclean Hands - All Causes of Action)**

24   Plaintiff's claims are barred in whole or in part to the extent he has unclean hands.

25                                    **FOURTH DEFENSE**

26        **(Lack of Knowledge of Incurred Expenses - First Cause of Action)**

27   Plaintiff's claims are barred to the extent that Defendant did not know and had no reason to

28   know that Plaintiff incurred necessary business expenses and were not properly reimbursed.

**FIFTH DEFENSE**

**(Reimbursement Obligation Satisfied - First Cause of Action)**

Plaintiff's claims fail to the extent that Defendant has satisfied any expense reimbursement obligation under California Labor Code section 2802 and/or Plaintiff failed to request reimbursement for reasonable and necessary business expenses reimbursable under Labor Code section 2802.

**SIXTH DEFENSE**

**(Unreasonable and Unnecessary Expenses - First Cause of Action)**

Plaintiff's claims fail to the extent that Plaintiff seeks reimbursement for expenses that were not incurred in the direct consequence of the discharge of his duties or were not necessary and reasonable.

**SEVENTH DEFENSE**

**(Meal and Rest Breaks Provided But Voluntarily Not Taken - Third through Seventh Causes of Action)**

At all times relevant to the Complaint, Defendant provided meal periods, and authorized and permitted rest breaks that met the requirements under the law.  To the extent that Plaintiff voluntarily chose not to take such breaks, start them late, end them early, or work during them, no violation of the law occurred. Thus, his meal and rest period claims are barred.

**EIGHTH DEFENSE**

**(Missed Meal and Rest Breaks Paid - Third through Seventh Causes of Action)**

To the extent that Plaintiff was paid additional compensation for missed meal or rest periods, his meal and rest period claims are barred.

**NINTH DEFENSE**

**(Not Compensable Time - Fifth through Seventh Causes of Action)**

Plaintiff's claims are precluded because they seek compensation and civil penalties for time that is not compensable work time including, but not limited to, unauthorized work, work performed without Defendant's knowledge, and work not subject to or under Defendant's control.

**TENTH DEFENSE**

**(*De Minimis* - Fifth through Seventh Causes of Action)**

Plaintiff's Complaint seeks compensation for time which, even if in fact worked, was *de minimis*

and therefore is not recoverable.  Pursuant to the *de minimis* doctrine, an employer is not required to pay for insubstantial or insignificant periods of purported off-the-clock work.

**ELEVENTH DEFENSE**

**(Not Hours Worked - Fifth through Seventh Causes of Action)**

Plaintiff's claims are barred because the hours Plaintiff alleges were worked are not "hours worked" within the meaning of applicable law.

**TWELFTH DEFENSE**

**(Lack of Knowledge of Hours Worked - Fifth through Seventh Causes of Action)**

Plaintiff's claims are barred to the extent Defendant did not know and had no reason to know that Plaintiff performed work.

**THIRTEENTH DEFENSE**

**(Offset - First, Second through Seventh Causes of Action)**

To the extent that Plaintiff is entitled to damages or penalties, Defendant is entitled to an offset for any payments of expenses, wages, or other remuneration previously provided to Plaintiff.

**FOURTEENTH DEFENSE**

**(Overtime - Fifth through Seventh Causes of Action)**

To the extent Plaintiff was paid overtime compensation at the legally required rate for hours worked in excess of 8 hours in a day or 40 hours in a week, his overtime claims are barred.

**FIFTEENTH DEFENSE**

**(Good-Faith Dispute Labor Code § 203 - Sixth Cause of Action)**

Plaintiff is not entitled to Labor Code section 203 penalties because a good-faith dispute existed as to the monies allegedly owed at the time of the termination, such that Defendant cannot be held to have willfully failed to comply with the requirements of the applicable Labor Code sections.  *See*, Cal. Code Regs., tit. 8, § 13520.

**SIXTEENTH DEFENSE**

**(No Willful Violation of Labor Code § 203 - Sixth Cause of Action)**

Plaintiff may not claim Labor Code § 203 penalties because Defendant did not willfully fail to comply with the requirements of the California Labor Code.

3

**SEVENTEENTH DEFENSE**

**(No Knowing and Intentional Violation - Seventh Cause of Action)**

Any alleged violation of Labor Code section 226 was not knowing and intentional and therefore Plaintiff's requested recovery is barred.

**EIGHTEENTH DEFENSE**

**(Legitimate Non-Discriminatory and/or Non-Retaliatory Factors - Eighth through Fourteenth Causes of Action)**

Plaintiff may not obtain the relief requested in his Complaint because any adverse employment actions taken against him were based on legitimate, non-discriminatory and/or non-retaliatory factors and not any protected characteristic or his purported participation in any alleged protected activity.

**NINETEENTH DEFENSE**

**(Failure to Exhaust Administrative Remedies - Eighth through Fourteenth Causes of Action)**

Plaintiff's causes of action are barred in whole or in part to the extent he failed to exhaust the required administrative procedures or remedies or otherwise failed to complete, in a timely manner, those steps that are necessary prerequisites under applicable law, including but not limited to, the California Fair Employment and Housing Act.  (Gov. Code §§ 12940 *et seq.*).

**TWENTIETH DEFENSE**

**(Failure to File Timely Administrative Charge - Eighth through Fourteenth Causes of Action)**

Plaintiff's causes of action are barred in whole or in part to the extent he failed to file a proper charge with an appropriate administrative agency within the required legal deadlines, including, but not limited to the deadlines under California Government Code sections 12960, *et. seq.*

**TWENTY-FIRST DEFENSE**

**(Scope of Administrative Charge - Eighth through Fourteenth Causes of Action)**

Plaintiff's causes of action are barred in whole or in part to the extent that Plaintiff's allegations do not appear in any timely and proper administrative charge filed by Plaintiff before commencing this lawsuit.

//

//

**TWENTY-SECOND DEFENSE**

**(At-Will Employment - Eighth through Fourteenth Causes of Action)**

Plaintiff's purported causes of action are barred pursuant to California Labor Code § 2922 in that Plaintiff's employment was, at all times, at-will.

**TWENTY-THIRD DEFENSE**

**(Same Decision - Eighth through Fourteenth Causes of Action)**

Even if any employment decision Defendant made or any employment action Defendant took with respect to Plaintiff is found to have been unlawfully motivated, which Defendant specifically denies, Plaintiff's claims are barred in whole or in part to the extent that the decisions and actions would have occurred in the absence of that motivation.

**TWENTY-FOURTH DEFENSE**

**(Mixed-Motive Bar to Monetary Recovery - Eighth through Fourteenth Causes of Action)**

To the extent that Plaintiff demonstrates his protected status was a substantial motivating factor for any challenged employment action, Defendant would have taken the same action absent the substantial motivating factor.  As a result, the court may not award Plaintiff damages, back pay, or order reinstatement.  *Harris v. City of Santa Monica*, (2013) 56 Cal. 4th 203, 211.

**TWENTY-FIFTH DEFENSE**

**(Management Discretion - Eighth through Fourteenth Causes of Action)**

Any and all conduct of which Plaintiff complains or which is attributed to Defendant was a just and proper exercise of management discretion on the part of Defendant undertaken for a fair and honest belief other than any protected characteristic or Plaintiff's supposed engagement in protected activity.

**TWENTY-SIXTH DEFENSE**

**(Conduct Does Not Violate Public Policy - Eighth through Fourteenth Causes of Action)**

Defendant's conduct did not violate the language or public policy of the State of California, the Constitution of the State of California, or any statute or regulation, and therefore cannot form the basis for a claim of wrongful termination in violation of public policy, or related claims.

//

//

**TWENTY-SEVENTH DEFENSE**

**(Failure to Participate in the Interactive Process - Eighth through Fourteenth Causes of Action)**

Plaintiff refused to participate in the interactive process in good faith, and, as a result, Defendant is not liable for any failure to accommodate his purported disability.

**TWENTY-EIGHTH DEFENSE**

**(Failure to Mitigate - Eighth through Fourteenth Causes of Action)**

Plaintiff is not entitled to back pay and/or other damages, to the extent that he failed to seek and obtain other employment and otherwise failed to mitigate his alleged wage loss or any other damages.

**TWENTY-NINTH DEFENSE**

**(Punitive Damages Provisions Unconstitutional - Eighth through Fourteenth Causes of Action)**

On their face and as applied to the Complaint, the provisions of Civil Code §§ 3294, *et seq.* violate Defendant's rights under the Due Process clause of the Fourteenth Amendment of the United States Constitution and/or Article I, Section VII of the California Constitution in that, among other things: (1) the Civil Code provisions are unconstitutionally vague; and (2) the Civil Code Provisions do not limit punitive damages to an amount that is constitutionally reasonable or proportionate to any harm caused.

**THIRTIETH DEFENSE**

**(No Facts Alleged to Support Punitive Damages - Eighth through Fourteenth Causes of Action)**

Plaintiff's prayer for punitive or exemplary damages is barred in that Plaintiff has failed to allege sufficient facts of malice, oppression, or fraud against Defendant and cannot comply with the requirements of Civil Code section 3294.

**THIRTY-FIRST DEFENSE**

**(No Punitive Damages for Good Faith Conduct - Eighth through Fourteenth Causes of Action)**

Plaintiff is not entitled to recover any punitive damages for decisions or actions that were made in good faith.

//

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRTY-SECOND DEFENSE**

**(Labor Code § 2856 - All Causes of Action)**

Plaintiff's claims are barred by Labor Code section 2856 to the extent that Plaintiff failed to substantially comply with all the directions of Defendant, and such failure proximately caused the alleged losses for which Plaintiff seeks relief.

**THIRTY-THIRD DEFENSE**

**(*Laches*, Waiver, and Estoppel - All Causes of Action)**

Plaintiff is not entitled to any relief to the extent he forfeited his right to relief under the doctrine of *laches*, waived his right to relief, or is estopped from seeking the relief requested in the Complaint.

**THIRTY-FOURTH DEFENSE**

**(Good Faith - All Causes of Action)**

Assuming *arguendo* that any of the actions alleged in the Complaint were taken by Defendant, such actions were taken in good faith and were a lawful exercise of sound discretion and Defendant's legal rights, and were based on a rational, reasonable consideration of the facts.

**THIRTY-FIFTH DEFENSE**

**(No Attorneys' Fees - All Causes of Action)**

Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to support a claim for recovery of attorneys' fees against Defendant.

**THIRTY-SIXTH DEFENSE**

**(Pre-existing Injuries - Eighth through Fourteenth Causes of Action)**

Plaintiff's injuries, losses, or damages, if and to the extent they occurred, pre-existed or were suffered after the relationships between Plaintiff and Defendant, and said injuries or illnesses were neither caused nor exacerbated by said relationships.

**THIRTY-SEVENTH DEFENSE**

**(Independent, Intervening, and/or Superseding Cause - Eighth through Fourteenth Causes of Action)**

Defendant alleges that the injuries, losses, and/or damages alleged in the Complaint were caused and/or contributed to by an independent, intervening, and/or superseding cause or causes over which

1  Defendant had no control, and for which Defendant is not liable or responsible.

2  **THIRTY-EIGHTH DEFENSE**

3  **(Pending Litigation - Second Cause of Action)**

4  To the extent that Plaintiff made a valid request for records, Defendant had no obligation to

5  respond to the extent that Plaintiff had already initiated legal proceedings against Defendant.

6  **THIRTY-NINTH DEFENSE**

7  **(Arbitration - All Causes of Action)**

8  Plaintiff's claims are barred because Plaintiff entered into a binding agreement to submit the

9  claims alleged in this lawsuit to arbitration.

10  **RIGHT TO ASSERT ADDITIONAL DEFENSES**

11  Defendant presently has insufficient knowledge or information upon which to form a belief as to

12  whether there may be additional, as yet unstated, defenses and reserves the right to assert additional

13  defenses in the event discovery or further investigation indicates such defenses are appropriate.

14  **DEFENDANT'S REQUEST FOR COSTS AND ATTORNEYS' FEES**

15  Plaintiff knew or should have known that his claims are without any reasonable basis in law or

16  equity and cannot be supported by good faith argument for extension, modification or reversal of

17  existing law.  As a result of Plaintiff's filing of this Complaint, Defendant has been required to obtain

18  the services of the undersigned attorneys, and have incurred and will continue to incur substantial costs

19  and attorneys' fees in defense of this frivolous case, and Defendant is therefore entitled to recover

20  reasonable attorneys' fees, expenses, and costs incurred by and through this action in accordance with

21  California Code of Civil Procedure Section 128.7.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

8

**<u>PRAYER</u>**

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.      That Plaintiff take nothing by his Complaint;

2.      That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.      That Defendant be awarded reasonable attorneys' fees according to proof;

4.      That Defendant be awarded the costs of suit herein incurred; and

5.      That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED:  April 9, 2021                    Respectfully submitted,

                                         SEYFARTH SHAW LLP


                                         BY:_____
                                             Christian J. Rowley
                                             Michael A. Wahlander

                                         Attorneys for Defendant
                                         AARON'S, LLC.

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 560 Mission Street, 31st Floor, San Francisco, California  94105.  On April 9, 2021, I served the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Edward Antonino
Law Office of Edward Antonino
15760 Ventura Blvd., Suite 700
Encino, CA 91436-
(818) 995-9477

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 9, 2021, at San Francisco, California.

_____
Nancy J. Davilla